1 | Edward S. Zusman (CASB No. 154366)
2 | Kevin K. Eng (CASB No. 209036)
  | MARKUN ZUSMAN & COMPTON, LLP
3 | 465 California Street, Suite 500
  | San Francisco, CA 94104
4 | Telephone: (415) 438-4515
  |  (415) 434-4505 (fax)
5 | Email: ezusman@mzclaw.com
  | Email: keng@mzclaw.com
6 | ARLEO LAW FIRM, PLC
7 | ELIZABETH J. ARLEO (CASB No. 201730)
  | 1672 Main Street, Suite E, PMB 133
8 | Ramona, CA 92065
  | Telephone: 760/789-8000
9 | 760/789-8081 (fax)
  | Email: elizabeth@arleolaw.com

10

11 | Attorneys for Plaintiffs

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | TERRY J. FANNING and TATIANA       | CASE NO.:
15 | JABBAR, each individually and on
   | behalf of all others similarly situated,      SACV12 - 885 JVS(RNBx)
16 |           Plaintiffs,              | COMPLAINT FOR VIOLATIONS OF
   |                                    | CALIFORNIA'S INVASION OF
17 |           vs.                      | PRIVACY ACT, CAL. PENAL CODE
   |                                    | §630, *ET SEQ.*
18 | HSBC CARD SERVICES INC., and
19 | HSBC TECHNOLOGY & SERVICES
   | (USA) INC.,                        | CLASS ACTION
20 |           Defendants.              | DEMAND FOR JURY TRIAL

21

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

-1-

CLASS ACTION COMPLAINT

Plaintiffs Terry J. Fanning and Tatiana Jabbar ("Plaintiffs") allege as follows against defendant HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc. (collectively, "Defendants"):

## GENERAL ALLEGATIONS

1.     This action arises out of Defendants' violations of California's Invasion of Privacy Act, CAL. PENAL CODE § 630, *et seq.* ("CIPA"), which prohibits the recording of confidential communications without the consent of all parties to the conversation.

2.     Defendants oversee an extensive call center system for the millions of consumer credit transactions they service on behalf of various entities including HSBC Bank Nevada, N.A. and Household Finance Corporation of California. Household Finance Corporation of California is a lending subsidiary of HSBC Finance Corporation which operates non-credit card consumer and mortgage lending businesses.   HSBC Bank Nevada, N.A., also a subsidiary of HSBC Finance Corporation, is a national bank that issues credit cards.   During times relevant to this complaint, Defendant HSBC Card Services, Inc. conducted debt collection activity against California customers who held credit cards with HSBC Bank Nevada, N.A. and had consumer and mortgage loans through Household Finance Corporation of California.

3.     The call center system includes approximately 28 domestic and international call centers including one call center in Pomona, California.  Millions of calls emanate from each of these centers every month.  Many of these calls are made to California residents.

4.     During times relevant to the CIPA claims made herein, Defendant HSBC Technology & Services (USA) Inc. performed all back-end services for Defendant HSBC Card Services, Inc., including the recording of telephone calls initiated by HSBC Card Services, Inc. with California residents.  As of May 2010, HSBC Technology & Services (USA) Inc. had 53 recorders in North America for

1  calls made by Defendant HSBC Card Services, Inc. regarding card and retail
2  services businesses.      At each of HSBC Card Services, Inc.'s call centers,
3  Defendant HSBC Technology & Services (USA) Inc. uses databases and servers to
4  store and retrieve the recordings.

5       5.      CIPA prohibits the recording of confidential communications without
6  first obtaining the consent of all parties to the conversation.  Plaintiffs reasonably
7  believed that the conversations would be treated confidentially.   In violation of
8  CIPA, Defendants recorded Plaintiffs' and class members' telephone calls without
9  their consent.

10      6.      Defendants have engaged in a pattern and practice of recording a
11 substantial percentage of the telephonic communications with individuals located
12 in California.

13      7.      Defendants intentionally, and without the consent of all parties, by
14 means of an electronic recording device, recorded confidential telephonic
15 communications in outgoing calls initiated by Defendants in connection with
16 attempts to collect on credit cards and non-credit card consumer and mortgage
17 loans with Plaintiffs and members of the Class which they seek to represent.

18                              **JURISDICTION**

19      8.      This Court has jurisdiction over this class action under the Class
20 Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), which provides for the
21 original jurisdiction of the federal courts of any class action in which any member
22 of the Class is a citizen of a State different from the defendant, and in which the
23 matter in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of
24 interest and costs.  The total claims of individual class members in this action are
25 well in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as
26 required by 28 U.S.C. § 1332(d)(2), (5).    Furthermore, the total number of
27 members of the proposed Class is greater than 100, pursuant to 28 U.S.C. §
28 1332(d)(5)(B).    Each of the Plaintiffs is a citizen of California.    Therefore,

CLASS ACTION COMPLAINT

diversity of citizenship exists under CAFA as defined by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

9.    Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiffs reside in this district and a substantial part of the events giving rise to Plaintfs' claims occurred in this district.

## PARTIES

10.    Plaintiffs Terry J. Fanning and Tatiana Jabbar are residents of Los Angeles and Orange County, California, whose confidential telephone communications were unlawfully recorded by Defendants.

11.    Defendant HSBC Card Services, Inc. is a Delaware corporation with principal place of business in Illinois.

12.    Defendant HSBC Technology & Sevices (USA) Inc. is a Delaware corporation with principal place of business in Illinois.

13.    At all times relevant hereto and since at least 2006, Defendants have recorded confidential telephone communications with individuals located within California.

14.    Defendants did not obtain consent to record the credit card calls prior to the time they recorded the calls.  In June 2011, the district court in *Debra Ann Bailey v. Household Finance Corp. of California,*  in the Southern District of California,  held that the HSBC Bank Nevada credit card agreement failed to inform customers that calls by HSBC Card Services would be recorded.

15.    For calls related to the mortgage lending business, Defendants are required, as a matter of policy and practice, to give a disclosure before speaking to a customer that the call is being recorded.   Defendants have previously admitted they did not provide any verbal advisory about the recording during 0.2% of a sample set of recordings.

///

CLASS ACTION COMPLAINT

16.   Defendants also had a practice of recording an average of 20% of all of the telephone calls (at times up to 100% of the calls in certain businesses) using a centralized call recording hardware and software called "Witness."

**FACTUAL ALLEGATIONS REGARDING CONFIDENTIAL TELEPHONIC COMMUNICATIONS WITH THE REPRESENTATIVE PLAINTIFFS**

17.   In or about March 2006, Plaintiff Terry J. Fanning entered into an unsecured line of credit agreement with Household Finance Corporation of California.  Later in 2006, Plaintiff Fanning entered into a credit card agreement through HSBC Bank Nevada.  On multiple occasions, during 2010 and 2011, Defendants called Plaintiff Fanning and engaged Plaintiff Fanning in confidential telephonic communications.  Upon information and belief, Defendants recorded conversations with Plaintiff Fanning without his consent.

18.   In or about April 17, 2006, Plaintiff Tatiana Jabbar entered into a home equity line of credit with Household Finance Corporation, Household Finance Corporation of California and/or HSBC Bank USA, N.A. On multiple occasions, during 2007 through 2010, Defendants called Plaintiff Jabbar and engaged Plaintiff Jabbar in confidential telephonic communications.  Upon information and belief, Defendants recorded conversations with Plaintiff Jabbar without her consent.

**POLICIES AND PRACTICES COMPLAINED OF**

19.   Defendants' policies and practices are to record confidential telephonic communications with California individuals, without advising them at the outset of each telephone call that it is being recorded, in violation of California Penal Code section 630, *et seq.*

**CLASS ACTION ALLEGATIONS**

20.   Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated, pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  Plaintiffs in this case were members of the

-5-

1 *Bailey* putative class and had no notice of the action or its dismissal.  The class
2 period is the period beginning March 23, 2009, to the present.  The CIPA claims of
3 Plaintiffs and members of the class were covered by the *Bailey* litigation.  *Bailey*
4 was dismissed only as to the named Plaintiff's claims, pursuant to Rules 41(a)(1)
5 and 41(a)(2) of the Federal Rules of Civil Procedure, but without prejudice as to
6 putative class claims.  Plaintiffs and the members of the Class are entitled to rely
7 on the same class period alleged in *Bailey*.

8     21.   The class that Plaintiffs seek to represent (the "Class") is defined as:
9     All individuals located within California whose confidential telephonic
10 conversations with Defendants were recorded without their consent.

11     Plaintiffs further seek to divide the Class into the following Subclasses:
12     Subclass A:
13     All individuals located within California whose confidential telephonic
14 conversations with Defendants were recorded by HSBC Technology & Services
15 (USA) Inc. without their consent, and whose recordings were reviewed by
16 Defendants and identified as not having received a verbal warning that the
17 conversations could be recorded.

18     Subclass B:
19     All individuals located within California who engaged in confidential
20 telephonic conversations with Defendants' representatives, located in Defendants'
21 Pomona, California call center, and whose confidential telephonic conversations
22 were recorded without their consent.

23     22.   Excluded from the class are governmental entities, Defendants, their
24 subsidiaries, employees, officers, and directors, and members of their immediate
25 families.  Also excluded are any judges, justices, or judicial officers presiding over
26 this matter, counsel for any of the parties in this action, and all members of their
27 immediate families.

28 ///

-6-

CLASS ACTION COMPLAINT

23.   The identities of the class members are ascertainable from Defendants' business records.

24.   This action has been brought and may properly be maintained as a class action because:

a.   ***Numerosity:***  The Class is so numerous that joinder of all members is impractical.

b.   ***Common Questions Predominate:***  There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual Class members.  The principal issue is whether Defendant violated California's Invasion of Privacy Act (CAL. PENAL CODE § 630 *et seq.*) by recording confidential telephonic communications with class members without first obtaining the consumer's consent at the initiation of the call;

c.   ***Typicality:***  Plaintiffs' claims are typical of the claims of the members of the Class.  Plaintiffs and members of the Class have similar claims and remedies arising out of Defendant's common course of conduct complained of herein.

d.   ***Adequacy:***  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs are committed to vigorously litigating this matter, and have retained counsel experienced in handling class claims and claims involving CIPA.  Neither Plaintiffs nor Plaintiffs' counsel have any irreconcilable conflicting interests that might cause them not to vigorously pursue this claim.

e.   ***Superiority and Manageability:***  A class action is superior to other available means for the fair and efficient adjudication of this controversy on a group-wide basis since individual joinder of all

CLASS ACTION COMPLAINT

members would be impracticable. Class action treatment is manageable as it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual members' claims for damages are modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Important public interests will be served by addressing the matter as a class action and substantial economies to the litigants and to the judicial system will be realized, because Defendant has acted on grounds that generally apply to the class so that injunctive or declaratory relief is appropriate to the class as a whole. The potential for varying, inconsistent or contradictory adjudications will be avoided if this matter is litigated on a class-wide basis.

25.   Notice to the proposed class may be provided by direct mail, by first-class mail, e-mail, or other reasonable means, or alternatively by publication.

## CAUSE OF ACTION
### (For Statutory Damages and Injunctive Relief For Violations of CAL. PENAL CODE §§ 632, 637.2(a)-(b))

26.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.   At all times relevant herein, Defendants routinely communicated by telephone with Plaintiffs and other class members.

28.   At all times relevant herein, Defendants made use of a software system that enables it to secretly record confidential telephone conversations between Defendants and class members.

-8-

CLASS ACTION COMPLAINT

29.   In each of their conversations with Defendants, the Plaintiffs and Class Members discussed their personal financial circumstances and affairs, including Defendants' collection efforts on each Class Member's accounts.  It was reasonable for the Plaintiffs and Class Members to expect that the conversations would be confined to the parties to the conversation, and that their conversations were not being overheard or recorded.   Each of the conversations between Defendants and the class members was a "confidential communication" within the meaning of California Penal Code section 632(c).

30.   Penal Code section 632 prohibits a party from recording such conversations without first informing all parties to the conversation that the conversation is being recorded.   Defendants' confidential telephone communications with Plaintiffs and class members were secretly and surreptitiously recorded by Defendants without obtaining express advance consent to record such conversations.

31.   Defendants' practice of recording telephone conversations with Plaintiffs and class members violated California Penal Code section 632(a).

32.   Pursuant to California Penal Code section 637.2(a)(1), Plaintiffs and class members are entitled to recover statutory damages in the amount of $5,000 per violation.  Plaintiffs' counsel is also entitled to attorneys' fees and costs.

33.   Pursuant to California Penal Code section 637.2(b), Plaintiffs also seek a preliminary and permanent injunction to restrain Defendants from committing further violations of CIPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendant as follows:

1.   For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code section 637.2(a)(1);

///

CLASS ACTION COMPLAINT

1      2.    For a preliminary and permanent injunction to restrain further

2  violations of the CIPA, pursuant to California Penal Code section 637.2(b);

3      3.    For the payment of reasonable attorneys' fees and costs of suit

4  incurred herein;

5      4.    For pre- and post-judgment interest at the legal rate; and

6      5.    For any other relief that the Court deems just and proper.

7

8  **DEMAND FOR JURY TRIAL**

9      Plaintiffs are entitled to and demand a trial by jury for all claims so triable.

10 Dated: June 4, 2012        MARKUN ZUSMAN & COMPTON, LLP

12 Edward S. Zusman
Kevin K. Eng
13 465 California Street, Suite 500
San Francisco, CA 94104
14 Tele: (415) 438-4515
Fax: (415) 434-4505

16 Elizabeth J. Arleo
ARLEO LAW FIRM, PLC
17 1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Tel: (760) 789-8000
18 Fax: (760) 789-8081

19 Attorneys for Plaintiffs

-10-

CLASS ACTION COMPLAINT