STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
LISA M. SIMONETTI (State Bar No. 165996)
KRISTINA DEL VECCHIO (State Bar No. 283782)
ARJUN P. RAO (State Bar No. 265347)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:  310-556-5800
Facsimile:   310-556-5959
Email:       lacalendar@stroock.com

Attorneys for Defendants
  HSBC CARD SERVICES INC. and HSBC
  TECHNOLOGY & SERVICES (USA) INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY J. FANNING and TATIANA JABBAR, each individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>HSBC CARD SERVICES INC. and HSBC TECHNOLOGY & SERVICES (USA) INC.,<br><br>  Defendants. | Case No. 8:12-CV-00885-JVS-RNB<br><br>[Assigned to the Hon. James V. Selna]<br><br>[PROPOSED] **PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS**<br><br>Action Filed:  June 4, 2012<br><br>[Stipulation Re Protective Order Governing Use and Dissemination of Confidential Documents and Materials filed concurrently] |

LA 51609678

## RECITALS

A. The parties in the above-captioned action may seek discovery that the responding parties assert may contain certain highly sensitive, confidential, trade secret information and documents.

B. The protective order sought herein ("Protective Order") is warranted under the circumstances and is sufficiently tailored to avoid unduly hindering the public's access to the Court's records and files in this matter.

## CONFIDENTIALITY ORDER

Upon stipulation of the parties, and good cause appearing for the entry of this Protective Order,

IT IS HEREBY ORDERED that:

### I. DEFINITIONS

1. As used in this Protective Order:

   a. "Action" means the above-captioned action presently pending in the United States District Court for the Central District of California.

   b. "Confidential Material" means Material designated as Confidential in this Action in accordance with the terms of this Protective Order.

   c. "Discovering Counsel" means counsel for a Discovering Party in this Action.

   d. "Discovering Party" means the Party or Parties to whom Material is being provided, produced, or made available for inspection by a Producing Party or Producing Person in this Action.

   e. "Material" means any document or part of a document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter provided, produced or made available for inspection through discovery in this Action by any Party or Person before or after the date of this Protective Order.

-1-

f. "Trade Secret," as used in this Protective Order means information, including a formula, pattern, compilation, program, design, device, method, technique or process that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

g. "Party" or "Parties" means Plaintiffs, Defendants HSBC Card Services Inc., and HSBC Technology & Services (USA) Inc. (collectively, "Defendants"), and any future parties in this Action.

h. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity, whether a party or not, including non-Parties, from whom discovery is sought in this Action.

i. "Producing Party" means any Party who provides, produces, or makes available for inspection Material during the course of this Action. "Producing Person" means any person who provides, produces, or makes available for inspection Material during the course of this Action.

## II. SCOPE AND PURPOSE OF PROTECTIVE ORDER

2. This Protective Order shall govern all Confidential Material in whatever form, including documents, data, information, interrogatory responses, live deposition testimony, deposition transcripts, responses to requests for admission, and any other Confidential Material provided, produced, or made available for inspection in response to any method of discovery conducted in this Action.

3. All Confidential Material received from another Party or Person in this Action shall be used for the purpose of the prosecution or defense of this Action and not for any business or other purpose. All Materials designated as Confidential in this Action or otherwise deemed Confidential pursuant to this Protective Order shall

LA 51609678

not be disclosed to any Person except as provided herein. The use of information or Material that was lawfully in the possession of a Party prior to being designated Confidential Material, was obtained from a third party having the apparent right to disclose such information, or has become public, other than in violation of this Protective Order, shall not be subject to these restrictions.

### III. CONFIDENTIAL MATERIAL

#### A. Confidential Designation

4. A Producing Party or Producing Person may designate as Confidential any Material that said party or person has the good faith belief constitutes: (a) Trade Secret Material; (b) confidential information of other Persons to whom a duty of confidentiality is owed and designated in such manner as described below; (c) any Material that contains confidential information and, if disclosed to the general public or competitors of any Party or Producing Person, could reasonably be expected to cause competitive harm in the marketplace to a Party or Producing Person; or (d) any other Material that contains confidential information and that the Party or Producing Person has a lawful basis other than as set forth above to prevent the disclosure of this Material to individuals or entities who are not Parties to this Action.

5. Materials designated Confidential consistent with Paragraph 4 of this Protective Order are subject to the provisions of this Protective Order, and shall be protected, used, handled and disposed of in accordance with the provisions of this Protective Order.

6. A Producing Party or Producing Person may designate the following Material and Confidential Material for protection under this Protective Order by one of the following methods:

    a. By marking any documentary Material as Confidential prior to its production. Such Confidential Material shall be marked by the Producing Party with a legend bearing the word "CONFIDENTIAL" and an identifying document control number prefixed with one or more letters identifying the Producing Party or

-3-

Producing Person. In cases where Material to be produced is in a form other than paper, including, without limitation, audiotape, videotape computer tape, computer card, computer disc, compact disc, microfilm or microfiche, the Producing Party or Producing Person shall affix to the Material itself or to its container a stamp or other clear designation bearing the word "CONFIDENTIAL."

     b.     By marking or identifying any Material as Confidential prior to making such documents available for inspection by the Discovering Party;

     c.     By stating in writing, at or prior to the time of the inspection of things or premises, that Confidential Material will be disclosed by the inspection. Such writing shall specify, if reasonably practicable, those parts of things or those areas of the premises in which its Confidential Material will be revealed; and

     d.     By stating orally on the record during the course of a deposition upon oral examination or pursuant to subpoena that all deposition testimony, or any part thereof, is Confidential. Notwithstanding the foregoing, except as otherwise agreed, all information disclosed during a deposition shall be deemed Confidential for ten (10) days after delivery of the transcript to the witness or counsel for the witness unless otherwise agreed, whether or not portions of the transcript have previously been designated Confidential. Upon the expiration of the foregoing period, testimony shall be deemed Confidential Material only if the Material is or has been designated as Confidential Material and the Producing Party specifies in writing those portions of the testimony containing Confidential Material. In the case of a non-party witness, testimony can be designated as containing Confidential Material either by Party or the non-party witness.

7.     Confidential Material does not lose its designation merely because it is contained in any summary, digest, or analysis.

8.     The Parties may agree in writing to modify the foregoing designation procedures where compliance with them proves impracticable or unduly

-4-

LA 51609678

burdensome. The Court may modify the terms of this Stipulation and Order based on the application by any Party, the needs of public policy or other considerations.

### B. Restriction on Use of Confidential Material

9. All Confidential Material shall be kept secure by the Discovering Party and access to Confidential Material shall be limited to Persons authorized pursuant to Paragraph 10 of this Protective Order.

10. Except with the prior written consent of the Producing Party or Producing Person, Confidential Material and information derived therefrom may be disclosed to the Court and its officers and personnel and to qualified Persons only, but only to the extent reasonably required for such individuals to assist in the litigation of this Action or in any settlement negotiations or technical discussions between the parties. For purposes of this Protective Order, qualified Persons are defined to consist exclusively of:

    a. Any Party to this Action (including their insurers and counsel to their insurers);

    b. Counsel of record, their associated attorneys, paralegals, assistants, secretaries and support staff participating in this Action;

    c. Counsel who are employed by either Party as "in-house counsel" and such in-house counsel's employees who are assisting in the prosecution and/or defense of this Action, including paralegals, assistants, secretaries, and clerical staff;

    d. Court reporters, notaries and their staff retained by the Parties for the purpose of recording witness testimony in this Action;

    e. Experts and consultants (including their secretarial, technical and clerical employees) retained by the Parties or their counsel with respect to this Action;

    f. Officers, directors and other current employees of the Parties, as well as former employees of the Parties who were identified as authors or recipients of the

-5-

Confidential Material while they were employed, who are reviewing the Confidential Material in order to assist in connection with the Action;

    g.    Outside service personnel for the purposes of photocopying or assisting in the photocopying or delivery of documents or the retrieval of electronically stored information in connection with this Action;

    h.    Any witness and the witness's counsel (if any), if the party deems disclosure necessary for the purpose of the prosecution and/or defense of this Action; and

    i.    Any other persons agreed to in writing by the Parties, either as to all or any Confidential Material.

### C. Certification to Be Bound by Protective Order

11. Before the Discovering Party may disclose Confidential Material to any Person described in subparagraphs 10(d), 10(e), 10(g), and 10(h), the Person to whom disclosure is to be made shall read a copy of this Protective Order, and shall evidence his or her agreement to be bound by its terms, conditions, and restrictions by signing a copy of the certification attached as Exhibit A hereto; provided, however, that if an expert or consultant is to be shown Confidential Material for the first time at deposition, at trial or at a hearing, the requirements of this paragraph will be satisfied if the expert or a consultant first declares under oath and on the record that he or she has received a copy of the Protective Order and agrees to be bound by its provisions.  Confidential Material may be disclosed to a witness who will not sign the Certification, or will not declare under oath that he or she will be bound by the provisions of this Protective Order, only in a deposition at which the Producing Party is represented, and provided that any such witness will not be permitted to retain a copy of any Confidential Material that is shown to him or her.

12. Counsel for the Party who disclosed Confidential Material to any person listed in subparagraphs 10(d), 10(e), 10(g), and 10(h) in connection with a signed certification shall maintain a file of such certifications.  Such certifications shall be

LA 51609678

provided to an opposing Party or the Producing Party within five court days of signing the certification.

### D. Use of Confidential Material in Pleadings and Other Court Papers

13. No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. No Party or other person subject to this Order shall file any Confidential or "Confidential -Attorneys' Eyes Only" Material with the Court without first informing the Producing Party in writing of its intention to do so and providing a reasonable opportunity for the Producing Party to request by way of motion or ex parte application (if circumstances warrant such an emergency application) that such material be filed under seal. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement: "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER." If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

14. In the event of an Emergency Filing, within the meaning of L.R. 77-1, or any other filing by counsel herein which contains or otherwise includes Confidential or "Confidential -Attorneys' Eyes Only" Material, and which filing is subject to a deadline under the Court's Scheduling Order, under the Federal Rules of Civil Procedure, or the Local Rules of the Central District of California, and for which said counsel is unable, in good faith, to provide the Producing Party a reasonable time to consider a challenge to the public filing of such Confidential or "Confidential -Attorneys' Eyes Only" Material, then in such circumstances the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal; and such application shall be directed to the judge to whom the papers are

LA 51609678

1 directed. In the event the filing in question is a motion, the filing party shall further
2 file a redacted version of the motion and supporting papers.

3       15. Whenever the Court grants a party permission to file an item under seal,
4 a duplicate disclosing all non-confidential information shall be filed and made part of
5 the public record. The item may be redacted to eliminate confidential material from
6 the public document. The public document shall be titled to show that it corresponds
7 to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith
8 in Support of Motion for Summary Judgment." The sealed and redacted documents
9 shall be filed simultaneously.

### E. Objections to Designation

11       16. The following procedures shall govern any challenges to confidentiality
12 designations:

13       a. If a party reasonably believes that information should not be designated
14 as Confidential, it must specify to the Producing Person or Producing Party in
15 writing (i) the information at issue and (ii) the grounds for questioning the
16 confidentiality designation. The Producing Person or Producing Party must respond
17 in writing within ten business days, or within such different time agreed to by
18 counselor or as ordered by the Court. If no response is received by that time, the
19 Confidential designation shall be deemed withdrawn.

20       b. If agreement cannot be reached, the party challenging the confidential
21 designation may move the court to lift the designation. Central District of California
22 Local Rules 37-1 and 37-2 shall apply to any motion requesting that the confidential
23 designation be lifted. Until the Court rules, the confidential designation shall remain
24 in effect. Nothing in this Order shall be deemed to allocate or reallocate any
25 substantive burdens with respect to confidentiality; the party claiming confidentiality
26 shall have the burden to establish that the challenged documents are entitled to
27 confidential treatment.

-8-

LA 51609678

### F. "Attorneys' Eyes Only" Confidentiality of Certain Materials Produced

17. Certain Materials produced by the Parties and/or other Producing Person may be designated as "Confidential-Attorneys' Eyes Only." A Party or Producing Person shall only designate Materials that fall into this category if the information designated consists of sensitive and confidential information that, if disclosed to third parties including a Party or Producing Person's competitors, would likely cause significant competitive injury or disadvantage to a Party or Producing Person. Such Materials are not only deemed to be "Confidential Material" as described herein and treated as such, but these Materials are also restricted and protected in that they may only be viewed by the Court as set forth herein and the following: (a) the attorneys for the Parties in this action, their office staff, in-house counsel for the Parties, and the Parties' independent, retained expert witnesses provided they have executed an undertaking in the form attached as Attachment A; and (b) any witness(es) in deposition or at a hearing in this action so long as the viewing witness(es) has previously seen and/or are familiar with the Materials pursuant to circumstances where the witness(es) either prepared or reviewed the Material at the time of its preparation in the ordinary course of business and the witness has executed an undertaking in the form attached as Attachment A.

18. If any Party objects to the designation of any Materials as Confidential-Attorneys' Eyes Only as compared to some other designation, the Parties or Producing Persons shall utilize the provisions for objecting to such designation (as compared to some other level of designation or not at all) set forth in Paragraph 16.

### G. Return of Confidential Material

19. Within ninety (90) calendar days after the settlement or termination of this Action becomes final, Discovering Counsel shall return or destroy, at Discovering Counsel's option, all Confidential Material provided by a Producing Party, and all copies thereof, except to the extent that any Confidential Material has

-9-

been filed with the Court in this Action, in which event (a) Discovering Counsel may retain such Confidential Material in the form in which it has been filed with the Court but may not disclose the Confidential Material to any other persons in a manner inconsistent with this Order and (b) the Producing Party or Producing Person may petition the Court for the return of the Confidential Materials. The Discovering Counsel may also retain any attorney-client or attorney work product information, but shall delete any Confidential Material therefrom. Outside counsel for the Discovering Party shall promptly provide a written certification to the Producing Party that all Confidential Materials that are required to be returned or destroyed under the provisions of this paragraph have been so returned or so destroyed. Upon written request from the Producing Party, any documents filed under seal may be returned by the Court to the counsel who filed such documents.

### H. Other Provisions

20. Before trial of this Action or any hearing involving Confidential Materials or information derived therefrom, the Parties, through counsel, shall confer in an attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial or hearing. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

21. Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

22. Nothing herein shall be construed to prevent a Producing Party and/or Producing Person from reviewing, using, or disclosing its own Confidential Material in any manner that it deems appropriate, provided however that the manner in which

LA 51609678

such information is used or disclosed may be used by a Discovering Party as a basis for challenging the designation of Confidential Material.

23. If at any time any Confidential Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person purporting to have authority to require the production of such Material, .the Party to whom the subpoena or other request is directed shall within five (5) business days from receipt of such subpoena or request, unless a shorter time is required under the circumstances, give written notice thereof to the Producing Party or Producing Person with respect to Confidential Material sought. However, nothing contained in this Protective Order is intended or should be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

24. The fact of designation or failure to designate Materials as Confidential pursuant to this Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Protective Order.

25. The confidentiality obligations of this Protective Order shall continue during the pendency of, and shall survive the conclusion of, this Action, unless modified by further order of the Court.

IT IS SO ORDERED.

Dated: April 15, 2013

_____
United States Magistrate Judge Robert N. Block

LA 51609678

Attachment A

## NONDISCLOSURE AGREEMENT

The undersigned hereby acknowledges that (he)(she) has been advised of the terms or has read the PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS ("Order") entered in the following action: Terry J. Fanning and Tatiana Jabbar, both individually and on behalf of all others similarly situated v. HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc., Case No. 8:12-CV-00885-JVS-RNB.

I agree to be bound by the terms of said Order, to be subject to the jurisdiction of the appropriate court solely for purposes of any disputes arising with respect to the terms of the Order or performance thereunder, and, pursuant to the terms of the Order, agree to maintain in strict confidence all Materials designated Confidential Materials and/or Confidential-Attorneys' Eyes Only as defined therein.  I understand that this material and its subject matter is to remain in my personal custody and shall not be disclosed to any persons other than those bound by the terms of this Order until I have completed my assigned duties, whereupon such information is to be returned to counsel who provided it to me.  I further agree to notify any personnel assisting me of the terms of said Order and to obtain an agreement from such personnel to be bound by it to the same extent that I am bound.

Dated: _____            _____

LA 51609678